UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS KELLECK, *et al.*, | ) |
| Plaintiffs | ) ) ) |
| vs. | ) CAUSE NO. 2:09-CV-370 RM ) |
| KBR, INC., *et al.* | ) ) |
| Defendants | ) |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Thomas v. Guardsmark, LLC, 487 F.3d 531 (7th Cir. 2007). The plaintiffs brought this complaint based on diversity of citizenship. The statute regarding diversity jurisdiction, 28 U.S.C. § 1332, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.

**First**, residency is not citizenship, Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998), and jurisdiction depends on *citizenship* of each party at the time the case begins. Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996). The plaintiffs must allege the state of each parties' citizenship, not state of residency.

**Second**, a corporation is a citizen of both the state in which it is incorporated *and* the state in which it has its principal place of business. 28 U.S.C. § 1332(c). The plaintiffs must allege both the state of incorporation and principal place of business for each corporate defendant.

**Third**, limited liability companies are deemed to be citizens of every jurisdiction in which any member is a citizen. Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007); *see also* Thomas v. Guardsmark, 487 F.3d at 534 ("For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members."); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006) ("The citizenship for diversity purposes of a limited liability company, however, despite the resemblance of such a company to a corporation . . . is the citizenship of each of its members."). To properly allege citizenship of an LLC defendant, therefore, the plaintiffs must allege the state of citizenship of each member of the LLC.

**Fourth**, the complaint alleges that "[p]laintiffs John and Jane Does 1-1000 are the Class of persons who Defendants have subjected to toxic exposures . . . [and t]he Class includes soldiers and employees of all nationalities . . . ." Unidentified John Doe plaintiffs aren't permitted in federal diversity suits because diversity jurisdiction must be proved by the plaintiff rather than assumed as a default. Howell v. Tribune Entertainment Co., 106 F.3d 215, 218 (7th Cir. 1997) ("the existence of diversity jurisdiction cannot be determined without knowledge of every defendant's place of citizenship"); Moore v. General Motors Pension Plans, 91 F.3d 848, 850 (7th Cir. 1996) ("this court cannot presume that Does 1-10 are diverse with respect to the plaintiff"); Mortellite v. Novartis Crop Protection, Inc., 460 F.3d 483, 494 (3d Cir. 2006) ("John Doe parties destroy diversity jurisdiction if their citizenship cannot truthfully be alleged."). There are exceptions to the John

Doe ban, such as when John Doe parties "are merely nominal parties, irrelevant to diversity jurisdiction." Howell v. Tribune Entertainment Co., 106 F.3d at 218. If one of the enumerated exceptions applies, the plaintiffs must allege so in their complaint.

**Fifth**, 28 U.S.C. § 1332 requires that the amount in controversy exceeds $75,000 exclusive of interest and costs. The complaint doesn't allege, at least not specifically, that the amount in controversy exceeds $75,000.

Although the case may be subject to dismissal on these grounds, Tylka v. Gerber Prods. Co., 211 F.3d 445 (7th Cir. 2000), the court instead affords the plaintiffs twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:   November 12, 2009

/s/ Robert L. Miller, Jr.
Chief Judge
United States District Court